UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
CIVIL DIVISION

|  |  |
|---|---|
| ALAN LAFLAMME,<br><br>   *Plaintiff,*<br><br>v.<br><br>TOWN OF NORTH KINGSTOWN, *by and through its Finance Director/Treasurer*, DEBRA BRIDGHAM,<br>NORTH KINGSTOWN POLICE DEPARTMENT,<br>CHIEF PATRICK FLANAGAN, *retired, in his individual and official capacity,*<br>OFFICER SEAN GRIMES, *in his individual and official capacities*, and<br>OFFICER JOHN BARKER, *in his individual and official capacities*,<br><br>   *Defendants.* | FIRST AMENDED COMPLAINT & DEMAND FOR JURY TRIAL |

## **PARTIES**

1. Alan LaFlamme ("Mr. LaFlamme" or "Plaintiff") is a resident of 44 Pine Street, North Kingstown, Rhode Island 02952.

2. Defendant TOWN OF NORTH KINGSTOWN ("Town") is a governmental entity and municipal corporation, duly organized and existing under the laws of the State of Rhode Island. The Town of North Kingstown operates the North Kingstown Police Department ("NKPD"). It is sued through Defendant Deborah Bridgham, its Finance Director/Treasurer. At all times relevant hereto, Defendant Town, acting through the North Kingstown Police Department, was responsible for the policy, practice,

1

supervision, implementation, and conduct of all NKPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NKPD personnel. In addition, at all times relevant, Defendant Town was responsible for enforcing the rules of the NKPD, and for ensuring that the NKPD personnel obey the laws of the United States and the State of Rhode Island.

3. Defendant Chief Patrick Flanagan ("Defendant Flanagan"), upon information and belief, was a sworn officer of the NKPD, was the Chief of Police during the time period when the Plaintiff's claims accrued, is presently retired from the NKPD, is a resident of North Kingstown, and a citizen of the state of Rhode Island.

4. Defendant Sean Grimes ("Defendant Grimes"), upon information and belief, is a sworn officer of the NKPD, a resident of Coventry, and a citizen of the state of Rhode Island.

5. Defendant John Barker ("Defendant Barker"), upon information and belief, is a sworn officer of the NKPD, a resident of North Kingstown and a citizen of the state of Rhode Island.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter under 28 U.S.C. § 1331.

7. Plaintiff's claims are authorized by 42 U.S.C. § 1983.

8. Jurisdiction over state-law claims is asserted as supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the real and immediate harm sustained by the Plaintiff occurred in this judicial district and division.

## FACTS

10. The Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if stated directly hereunder.

11. In June 2012, Mr. LaFlamme purchased and moved to a home in North Kingstown, Rhode Island.

12. In the years since he moved to North Kingstown, there have been several incidents where Mr. LaFlamme has been accosted by members of the NKPD occasions, including, but not limited to encounters occurring in July 2017, August 2020, and October 2020.

13. On October 26, 2020, Mr. LaFlamme went to the NKPD to file a complaint against Defendant Barker for his conduct during the October 2020 encounter.

14. When Mr. LaFlamme attempted to file said complaint, Officer Daniel Silva refused to accept Mr. LaFlamme's complaint against Defendant Barker, but the complaint was eventually accepted for filing after Mr. LaFlamme discussed it with the Deputy Chief for the NKPD.

15. On April 8, 2021, a member of the NKPD informed Mr. LaFlamme about an active warrant for his arrest for Mr. LaFlamme allegedly stealing a flag (a charge Mr. LaFlamme vehemently denied and continues to deny).

16. On April 9, 2021, around 7:00 a.m., Mr. LaFlamme arrived at the North Kingstown Police Station to turn himself in.

17. At 8:30 a.m., Officer John Barker and Officer Sean Grimes put Mr. LaFlamme in handcuffs.

18. Mr. LaFlamme, a decorated veteran of the United States Army, at no time presented any threat to the officers, and at all times complied with the officers' requests.

19. While escorting Mr. LaFlamme down to the basement of the NKPD, Defendant Grimes led Mr. LaFlamme by holding his left upper arm, and allowed the door to slam into Mr. LaFlamme's right shoulder against the threshold of the doorway.

20. Upon information and belief, Defendant Grimes and Defendant Barker were discussing Mr. LaFlamme in hushed tones.

21. Afterward, Officer Sean Grimes told Mr. LaFlamme to face the wall to remove Mr. LaFlamme's handcuffs.

22. At this point, Officer Sean Grimes uncuffed Mr. LaFlamme's left hand, directed Mr. LaFlamme to hold his left hand in place at the small of his back, and then hyperextended Mr. LaFlamme's right wrist to above Mr. LaFlamme's shoulder level, and continued to hold it at said unnatural and painful angle even after Mr. LaFlamme winced and shifted in an attempt to alleviate the excruciating pain in his right shoulder.

23. Defendant Barker was present when Mr. LaFlamme was injured by Defendant Grimes.

24. Once in the room downstairs, Mr. LaFlamme was photographed and fingerprinted.

25. When Mr. LaFlamme was transferred to the court, he informed the driver of the vehicle (an unnamed North Kingstown Police Officer) that his shoulder was hurting because of the way in which Defendant Grimes removed his handcuffs.

26. When frisked at the Sheriff's office, Mr. LaFlamme could hardly move his arm. He informed the Sheriff that he wanted to see a doctor and explained that he is a disabled veteran with two bad shoulders. In response to this request, Mr. LaFlamme was told that if he insisted on medical attention, he would not be seen by the Judge or released from jail that day. Mr. LaFlamme chose to see the judge, as he desperately wanted to be released. Mr. LaFlamme was released shortly thereafter.

27. On April 9, 2021, Mr. LaFlamme scheduled an appointment with his primary care physician due to the injury to his shoulder. The doctor ordered an X-Ray and ultrasound, but South County Hospital was unable to perform the ultrasound.

28. On April 13, 2021, Mr. LaFlamme went to the standalone urgent care, where they recommended that Mr. LaFlamme be referred to an orthopedic surgeon for his shoulder injury.

29. An MRI ordered by the orthopedic surgeon Mr. LaFlamme revealed an acute tear of Mr. LaFlamme's rotator cuff and bicep tendon.

30. As a result of the MRI, the orthopedic surgeon recommended surgical intervention to repair the injury.

31. On April 13, 2021, Mr. LaFlamme filed a citizen complaint with the NKPD against Officer Sean Grimes.

32. This complaint was later deemed "unfounded" by Deputy Chief Steven St. Onge.

33. The response to the Complaint, signed by Deputy Chief Steven St. Onge, failed to even reference the injury Mr. LaFlamme sustained as a result of the hyper extension of Mr. LaFlamme's arm during the removal of Mr. LaFlamme's handcuffs.

34. Mr. LaFlamme could not (and still cannot) afford the recommended six months of time off work to undergo the recommended procedure.

35. Due to the physical nature of Mr. LaFlamme's work as a janitor for the University of Rhode Island, Mr. LaFlamme made the decision to use three weeks of sick time to attempt to heal before returning to work.

36. The State of RI filed a complaint against Mr. LaFlamme for the alleged theft of his neighbor's flag.

37. Mr. LaFlamme was subsequently tried in District Court for the alleged theft of his neighbor's flag. Mr. LaFlamme was found guilty of the theft of his neighbor's flag, although Mr. LaFlamme has always maintained his innocence.

38. Mr. LaFlamme appealed the District Court decision.

39. After filing the appeal, the State dropped all charges against Mr. LaFlamme regarding the alleged theft of the flag.

40. The charges against Mr. LaFlamme did not result in a conviction, because the State declined to pursue the appeal.

41. As of the filing of this Complaint, Mr. LaFlamme has not been able to undergo the surgical intervention that he so desperately needs.

42. Mr. LaFlamme deals with substantial and debilitating pain on a daily basis, which has led to chronic fatigue and an inability to fulfill certain responsibilities associated with his work.

43. In addition to the physical injuries sustained, Mr. LaFlamme has also incurred mental and emotional injuries.

44. The harassment by the NKPD has led Mr. LaFlamme to live in a state of constant anxiety. Mr. LaFlamme worries that the North Kingstown PD could come back at any time and further harass or injure him. Mr. LaFlamme is haunted by his encounters with the NKPD.

45. Mr. LaFlamme still feels the threat to this day and neither he nor his family believe they would be protected by members of the NKPD in the event an incident requiring police intervention arises.

46. Upon information and belief, the hyperextension and injury of Mr. LaFlamme's shoulder and arm was intentional.

47. Upon information and belief, Defendant Grimes intended to injure Mr. LaFlamme and cause him pain and suffering.

48. Upon information and belief, the injury Mr. LaFlamme sustained was retaliation by Defendant Grimes for Mr. LaFlamme's prior filing of complaints against the North Kingstown PD and its officers.

49. Upon information and belief, the North Kingstown PD has a pattern and practice of failure to properly train officers on the use of excessive force, has a pattern of practice of failing to hold officers accountable who engage in excessive force.

## COUNT I
## 42 U.S.C. § 1983 EXCESSIVE FORCE
(Defendant Grimes, Defendant Barker, Defendant Flanagan, and Defendant Town of North Kingstown)

50. The Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if stated directly hereunder.

51. At all times relevant herein, Defendant Grimes was acting under color of law by exercising power made possible because Defendant Grimes was clothed with the authority of law.

52. Defendant Grimes used unlawful and unreasonable excessive force in his seizure and release of Mr. LaFlamme, in violation of Mr. LaFlamme's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

53. Defendant Grimes' actions toward Mr. LaFlamme demonstrated a reckless disregard for Mr. LaFlamme's constitutional rights.

54. Upon information and belief, Defendant Barker conspired with Defendant Grimes to deprive Mr. LaFlamme of his constitutional rights.

55. Upon information and belief, Defendant Flanagan ratified the actions of Defendants Barker and Defendant Grimes, and conspired with Defendants Grimes and Barker to deprive Mr. LaFlamme of his constitutional rights.

56. Defendant Grimes' use of excessive force against Mr. LaFlamme. Such use was neither necessary nor just, was unreasonable in light of the circumstances, and thus deprived Mr. LaFlamme of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

57. Plaintiff Alan Laflamme thus claims damages for the injuries sustained as a result of these violations in accordance with 42 U.S.C. § 1983 against Defendant Grimes, Defendant Barker, and Defendant Flanagan for said violations.

58. As a direct and proximate result of Defendant Grimes, Defendant Barker, and Defendant Flanagan's actions, Mr. LaFlamme had endured physical pain and suffering, emotional distress, attorney's fees, and monetary loss associated with medical bills and lost income.

59. It is likely that Mr. LaFlamme will continue to deal with continued pain and suffering and medical bills resulting from these impermissible acts.

60. Mr. LaFlamme requests monetary compensation, punitive damages, attorney's fees, and any and all other relief permitted by law.

**COUNT II**
**42 U.S.C. § 1983 - FIRST AMENDMENT RETALIATION**
(Defendant Barker, Defendant Grimes, Defendant Flanagan, and Defendant Town of North Kingstown)

61. The Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if stated directly hereunder.

62. At all times relevant herein, Defendants Barker, Grimes and Flanagan were acting under color of law by exercising power under a grant of authority provided for under State law, clothing the defendants with the authority of law.

63. The actions of Officers Barker, Grimes, and Flanagan were undertaken with the motive and intent to retaliate against Mr. LaFlamme for the exercise of speech protected by the First Amendment to the United States Constitution when Mr. LaFlamme filed a complaint against Officer Barker regarding Officer Barker's improper conduct in an incident which preceded the incident giving rise to this action.

64. Officers Barker and Grimes would not have undertaken the same tone and actions against Mr. LaFlamme absent the earlier complaint filed by Mr. LaFlamme.

65. Officer Barker and Grimes' actions were taken to retaliate against Mr. LaFlamme for the exercise of his constitutional rights under the First Amendment to the United States Constitution.

66. Upon information and belief, Defendant Flanagan ratified the actions of Defendants Barker and Defendant Grimes, and conspired with Defendants Grimes and Barker to deprive Mr. LaFlamme of his constitutional rights, and retaliate against Mr. LaFlamme for exercising his constitutional rights.

67. Plaintiff Alan LaFlamme thus claims damages for the injuries set forth above in accordance with 42 U.S.C. § 1983 against Defendant Officers John Barker, Sean Grimes, and Patrick Flanagan.

68. Mr. LaFlamme requests monetary compensation, punitive damages, attorney's fees, and any and all other relief permitted by law.

## COUNT III
## NEGLIGENCE
(Defendant Grimes, Defendant Barker, Defendant Flanagan, and Defendant Town of North Kingstown)

69. The Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if stated directly hereunder.

70. In the alternative, if the Defendants' use of force was not excessive, they were negligent in their application of force, allowing the door to slam into Mr. LaFlamme, and removal of the handcuffs off of Mr. LaFlamme.

71. At all times relevant herein, Defendants were acting under color of law by exercising power under a grant of authority provided for under State law, clothing the defendants with the authority of law.

72. By virtue of their authority, Defendants owed Plaintiff Alan LaFlamme a duty of care, which was breached by the Defendants, and resulted in injury to Mr. LaFlamme.

73. As a direct result of the negligent acts of the Defendants via their breaches of the standard duty of care afforded to civilians by police officers, the Plaintiff suffered great harm, including, but not limited to, physical injuries, pain and suffering, medical expenses, and emotional distress.

74. Mr. LaFlamme requests monetary compensation, punitive damages, attorney's fees, and any and all other relief permitted by law.

## COUNT IV
## BATTERY
(Defendant Grimes and Defendant Town of North Kingstown)

75. The Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if stated directly hereunder.

76. Defendant Officer Sean Grimes intentionally and unnecessarily twisted and hyperextended Mr. LaFlamme's arm during what should have been a routine handcuff removal.

77. As a direct and proximate result of Defendant Grimes' actions, Mr. LaFlamme endured intense physical pain which persists to this day. This injury has resulted in medical expenses, pain and suffering, and emotional distress - all of which are likely to continue.

78. Mr. LaFlamme requests monetary compensation, punitive damages, attorney's fees, and any and all other relief permitted by law.

## COUNT V
## NEGLIGENT HIRING/RETENTION/TRAINING/SUPERVISION - MONELL LIABILITY
(Defendant Town of North Kingstown)

79. The Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if stated directly hereunder.

80. The Town and the NKPD owed a duty of care and responsibility to Mr. LaFlamme regarding its employees and/or subordinates.

81. Said duty required the Town and the NKPD to properly hire, retain, train, supervise, direct, control and/or monitor its employees, agents, supervisors, and managers in their duties and responsibilities.

82. Town and the NKPD grossly failed to hire, retain, train and/or supervise its police officers in the proper use of force and handcuffs.

83. The Town and the NKPD encouraged and ratified the behavior.

84. The Town and NKPD ratified the behavior of Defendant Grimes and Defendant Barker by dismissing the civilian complaint filed by Mr. LaFlamme.

85. The forgoing acts and omissions resulted in customs and policies that caused the behavior of Defendant Grimes and Defendant Barker.

86. As a direct and proximate result Defendant Grimes and Defendant Barker subjected Mr. LaFlamme to the injuries claimed of herein;

87. Mr. LaFlamme requests monetary compensation, punitive damages, attorney's fees, and any and all other relief permitted by law.

## COUNT VI
### INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS
(Defendant Grimes, Defendant Barker, and Defendant Town of North Kingstown)

88. The Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if stated directly hereunder.

89. Defendants' above-described conduct was extreme, unreasonable and outrageous.

90. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that decedent would suffer extreme emotional distress as a result of Defendants' conduct.

91. Mr. LaFlamme did, in fact, experience extreme emotional distress as a result of the Defendants' conduct.

92. As a result, Mr. LaFlamme requests monetary compensation, punitive damages, attorney's fees, and any and all other relief permitted by law.

## COUNT VII
### 42 U.S.C. § 1983 - EQUAL PROTECTION "CLASS OF ONE"
(Defendant Grimes, Defendant Barker, Defendant Flanagan, and Defendant Town of North Kingstown)

93. The Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if stated directly hereunder.

94. The named Defendants violated the Equal Protection rights afforded Mr. Flamme under the Fourteenth Amendment of the United States Constitution through the selective enforcement or unequal application of otherwise lawful regulations or statutes.

95. Specifically, the Defendants violated Mr. LaFlamme's rights by refusing to take his complaint against Defendant Barker, inadequately investigating his complaint against Defendant Barker and Defendant Grimes, and, upon information and belief, Defendants Barker and Grimes' retaliation against Mr. LaFlamme for Mr. LaFlamme's prior filing of a complaint against Defendant Barker.

96. Said retaliation by Defendants Barker and Grimes took the form of the injuries sustained by Mr. LaFlamme during his arrest on April 9, 2021.

97. As a result, Mr. LaFlamme requests monetary compensation, punitive damages, attorney's fees, and any and all other relief permitted by law.

WHEREFORE, Plaintiff Alan LaFlamme respectfully requests that this Court, by trial of jury:

a. Award Plaintiff all reasonable damages to the Plaintiff, including, but not limited to, lost income, medical bills, loss of use, mental anguish and emotional distress, and any other compensatory damages for each count alleged in this Complaint;

b. Award Plaintiff punitive damages against the Defendant for each count alleged in the Complaint as allowed by law;

c. Award Plaintiff reasonable attorney's fees and court costs associated with litigating this action, to the extent provided for under federal and state law; and

d. Any other relief which this Court deems appropriate.

        Plaintiff,
Alan LaFlamme,

By his attorney,

<u>/s/Megan E. Sheehan, Esq.</u>
RI Bar #9804
Sheehan & Associates
15 Bay Spring Ave
Barrington, RI 02806
P: (401) 400-5839
F: (781) 860-7477
megan@sheehanlawoffice.net

DATED: April 30, 2024

14